IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-01315 |
| ) | |
| APPROXIMATELY $78,736.00 ) | |
| IN UNITED STATES CURRENCY, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT FOR FORFEITURE IN REM

Plaintiff, United States of America, by and through its attorneys, Stephen R. McAllister, United States Attorney for the District of Kansas, and Sean M.A. Hatfield, Special Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1. This is an action to forfeit and condemn to the use and benefit of the United States of America the following property: Approximately $78,736.00 in United States currency (hereinafter "defendant property"), for violations of 21 U.S.C. § 841.

## THE DEFENDANT IN REM

2. The defendant property consists of approximately $78,736.00 in United States currency that was seized on or about September 15, 2018 by the Kansas Highway Patrol during a routine traffic stop of a vehicle driven by Jason Hotard on I-70 at milepost 41 in Thomas County, in the District of Kansas. The currency is currently in the custody of the United States Marshal Service.

## JURISDICTION AND VENUE

3. Plaintiff brings this action in rem in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355.

4. This Court has in rem jurisdiction over the defendant property under 28 U.S.C. § 1355(b). Upon filing this complaint, the plaintiff requests that the Court issue an arrest warrant in rem pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and/or pursuant to 28 U.S.C. § 1395, because the defendant property is located in the district.

## BASIS FOR FORFEITURE

6. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; and/or 2) proceeds traceable to such an exchange; and/or 3) money, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

7. Supplemental Rule G(2)(f) requires this complaint to state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial. Such facts and circumstances supporting the seizure and forfeiture of the defendant property are contained in Exhibit A which is attached hereto and incorporated by reference.

## CLAIM FOR RELIEF

WHEREFORE, the plaintiff requests that the Court issue a warrant for the arrest of the defendant property; that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the properties; that the defendant property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and

disbursements in this action; and for such other and further relief as this Court deems proper and just.

The United States hereby requests that trial of the above entitled matter be held in the City of Wichita, Kansas.

                        Respectfully submitted,

                        STEPHEN R. McALLISTER
                        United States Attorney

                        */s/ Sean M.A. Hatfield*

                        SEAN M.A. HATFIELD
                        Ks. S. Ct. No. 24098
                        Special Assistant United States Attorney
                        1200 Epic Center, 301 N. Main
                        Wichita, Kansas  67202
                        T: (316) 269-6481
                        F: (316) 269-6484
                        sean.hatfield@usdoj.gov

## DECLARATION

I, Douglas W. Carr, am a Task Force Officer with the Drug Enforcement Administration in the District of Kansas.

I have read the contents of the foregoing Complaint for Forfeiture, and the exhibit thereto, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 13 day of November, 2018.

TFO Douglas W. Carr
DEA

# AFFIDAVIT

I, Douglas W. Carr, being first duly sworn, depose and state:

1. I have been employed as a Kansas Highway Patrol (KHP) Trooper for over 19 years and has been cross-designated as a DEA Task Force Officer for approximately 3 years. My duties include investigation of violations of the Controlled Substance Act, Title 21 of the United States Code, and the forfeitures thereto.

2. The information contained in this affidavit is known to me through personal direct knowledge, and/or through a review of official reports prepared by other law enforcement personnel. This affidavit is submitted in support of a civil forfeiture proceeding.

3. On or about, September 15, 2018, KHP Trooper Phillip Baker Jr. (Trp. Baker) stopped a black 2018 Honda Accord bearing Louisiana registration 698BBP, travelling westbound on I-70 at mile marker 41 in Thomas County, KS.

4. The stop was for improper display of the registration. The vehicle belonged to the driver, Jason HOTARD's girlfriend Dawn HERBERT. HERBERT was not in the vehicle. The only other passenger was Kasey JOHNSON.

5. During a consent search of the vehicle, Trp. Baker opened the trunk and could smell the odor of raw marijuana coming from the trunk. Behind the driver seat, Trp. Baker found a black plastic trash bag that contained five large bundles of U.S. currency, held together by rubber bands and numerous loose bills. A bank count later confirmed the total to be approximately $78,736.00.

6. Four cell phones were in the vehicle. HOTARD claimed two and JOHNSON claimed one. A fourth phone was found under the passenger seat however the battery is missing.

7. Both HOTARD and JOHNSON denied ownership of the currency located in the vehicle.

8. Based on the information set out above, I have probable cause to believe that the approximately $78,736.00 seized in this investigation by Trooper Baker constitutes money or other things of value furnished or intended to be furnished in exchange for a controlled substances, or proceeds traceable to such an exchange, or was used or intended to be used to facilitate one or more violations of Title 21, U.S.C. § 841 et seq. Accordingly, the approximately $78,736.00 is subject to forfeiture pursuant to 21 U.S.C. § 881.

_____
Douglas W. Carr, TFO
DEA

Sworn to and subscribed before me this 13th day of November, 2018.

[Notary Seal: Melissa D. Gibbs, Notary Public - State Of Kansas, My Appt. Exp. 06-20-2021]

_____
Notary Public

My Commission Expires: 06-20-2021